JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

16-cv-5226

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Leena Nasim

### DEFENDANTS
Richard Mead
Claire Mead

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 Entitled "Diversity of Citizenship"
Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 9/19/2016   SIGNATURE OF ATTORNEY OF RECORD

OCT - 3 2016

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT** 16 5226

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Leena Nasim 9608 Blue Calico Drive, Las Vegas, NV 89123

Address of Defendant: Mead (Richard & Claire) 1441 Grand Oak Lane, West Chester, PA 19380

Place of Accident, Incident or Transaction: 1441 Grand Oak Lane, West Chester, PA 19380
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) Premises Liability

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, Keith W. Kofsky, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/30/16      _____      65725
                   Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

OCT - 3 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/30/16      _____      65725
                   Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Leena Nasim  :  CIVIL ACTION

v.

Richard Mead  :
Claire Mead  :  NO. 5226

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

9/30/16                                Plaintiff, Leena Nasim
**Date**           **Attorney-at-law**         **Attorney for**

215.543.6333    215.543.3580
**Telephone**     **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

OCT - 3 2016

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.



# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEENA NASIM<br>9608 Blue Calico Drive<br>Las Vegas, NV 89123<br>  v.<br>RICHARD MEAD<br>1441 Grand Oak lane<br>West Chester, PA 19380<br>  and<br>CLAIRE MEAD<br>1441 Grand Oak Lane<br>West Chester, PA 19380 | :<br>:<br>:<br>:  16  5226<br>:  _____ TERM, 2016<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Leena Nasim, by and through her attorney, Keith W. Kofsky, Esquire, demands judgment against Defendants, Richard Mead and Claire Mead, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and in support thereof, state as follows:

### AVERMENTS OF JURISDICTION

1. Plaintiff, Leena Nasim, is an adult individual who resides at the above-captioned address.

2. Defendant, Richard Mead, is an adult individual who resides at the above-captioned address.

3. Defendant, Claire Mead, is an adult individual who resides at the above-captioned address.

4. This is an action arising under 28 U.S.C. §1332 entitled "Diversity of Citizenship."

## GENERAL AVERMENTS

5. Plaintiff, Leena Nasim, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 4 inclusive, as if set forth at length herein.

6. At all times material hereto, Defendants did own and/or operate and/or manage and/or control the property located at 1441 Grand Oak Lane, West Chester, Pennsylvania.

7. On or about October 23, 2014, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid carelessly and negligently failed to provide proper warning and/or illumination on the basement steps.

8. On or about October 23, 2014, Plaintiff, Leena Nasim, while a business invitee at the aforesaid location, did sustain injury by reason of coming in contact with aforementioned dangerous conditions at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

9. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

10. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

    (a) allowing and/or causing a dangerous and defective condition to exist at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

    (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(d) Defendants knew, or should have known, the existence of said dangerous condition;

(e) failing to give warning or notice of the specific defective condition on the steps;

(f) failing to inform Plaintiff of the availability of lighting before allowing her access to the basement;

(g) allowing the Plaintiff to over-extend herself without proper assistance;

(h) allowing the Plaintiff to access a poorly lit area;

(i) failing to warn the Plaintiff that the area that she entered was not a closet, but basement stairs;

(j) failing to inform Plaintiff that the area led to a basement with steps to prevent a falling hazard;

(k) failing to perform duties which they had assumed;

(l) failing to use due care under the circumstances;

(m) negligence, per se; and

(n) in being otherwise careless, reckless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

## COUNT I
## PLAINTIFF, LEENA NASIM v. ALL DEFENDANTS

11. Plaintiff, Leena Nasim, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 10, inclusive, as if set forth at length herein.

12. As a sole and direct result of the aforesaid negligence of the Defendants, Plaintiff, Leena Nasim, suffered severe, diverse and permanent injuries, including but not limited to: fracture of the femur requiring surgical repair, rib fracture, lumbosacral radiculitis, thoracic somatic dysfunction, pelvic somatic dysfunction, lumbar sprain and strain, sacral somatic dysfunction, disc injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

13. As a further result of this accident, Plaintiff, Leena Nasim, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

14. As a further result of this accident, Plaintiff, Leena Nasim, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

15. As a further result of this accident, Leena Nasim, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

16.	As a direct and reasonable result of the aforementioned accident, Plaintiff, Leena Nasim, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

17.	As a further result of the aforementioned accident, Plaintiff, Leena Nasim, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Leena Nasim, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.


**CLEARFIELD & KOFSKY**

BY: _____
**KEITH W. KOFSKY, ESQUIRE**
*Attorney for Plaintiff, Leena Nasim*

## VERIFICATION

I, **Reena Nasim**, hereby verify that I am the Plaintiff in the attached **Complaint**, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME _____

ADDRESS _____

DATE _____